MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
MEGAN E. ROSS, ESQ., SBN 227776
MROSS@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff Michael Nyerges

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL NYERGES, AN INDIVIDUAL;<br><br>Plaintiff,<br><br>vs.<br><br>SPORT CHALET, INC, A DELAWARE CORPORATION; ,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS, AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MICHAEL NYERGES, alleges:

## JURISDICTION

1. This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2. This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful. The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay

check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## VENUE

3. This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the County of Los Angeles, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Los Angeles is the subject of this action.

## PARTIES

4. Plaintiff MICHAEL NYERGES ("NYERGES") has been employed by Defendant since 2005.

5. Defendant SPORT CHALET, INC ("SPORT CHALET") is a Delaware Corporation doing business in the County of Los Angeles, State of California.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

## (AGAINST SPORT CHALET )

6. Plaintiff refers to and incorporates by reference Paragraphs 1 through 5.

7. This cause of action is brought against SPORT CHALET.

8. Pursuant to Industrial Welfare Commission Order No. 7-2001, California Code of Regulations, Title 8, § 11070, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

of hours worked in excess of eight (8) hours on the seventh consecutive work day in a week.

9. Plaintiffworked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

10. Plaintiff was entitled to the above overtime premiums.

11. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

12. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

13. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

14. Plaintiff NYERGES worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

15. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

16. As a proximate result of Defendants' violations, Plaintiff NYERGES has been damaged in an amount in excess of $100,088 and subject to proof at time of trial.

17. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11070, Plaintiff NYERGES is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

**SECOND CAUSE OF ACTION**

**FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR CODE SECTION 226**

**(AGAINST SPORT CHALET )**

18. Plaintiff refers to and incorporates by reference Paragraphs 1 through 17.

19. This cause of action is brought against SPORT CHALET .

20. Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

21. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

22. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

23. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

24. Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

**THIRD CAUSE OF ACTION**

**OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)**

25. Plaintiff refers to and incorporates by reference Paragraphs 1 through 24.

26. This cause of action is against all Defendants, jointly and individually.

27. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

28. Plaintiff worked numerous weeks in excess of forty (40) hours.

29. Plaintiff was entitled to the above overtime premiums.

30. Defendants failed to compensate Plaintiff for any overtime premiums.

31. This court has jurisdiction over this cause of action because the federal

statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

32. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

33. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

34. Plaintiff used equipment on the job that had previously been transported in interstate commerce.

35. Defendant SPORT CHALET was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

36. Defendant SPORT CHALET was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

37. Defendant SPORT CHALET conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

38. Defendant SPORT CHALET employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

39. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

40. Plaintiff prays for judgment for overtime pay of $100,088. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

41. Plaintiff prays for judgment for liquidated damages in the amount of $100,088. This amount is supplemental to the relief requested in all other causes of action.

42. Plaintiff prays for costs and attorney's fees.

**FOURTH CAUSE OF ACTION**

**VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**

**(AGAINST SPORT CHALET )**

43. Plaintiff refers to and incorporates by reference Paragraphs 1 through 42.

44. This cause of action is brought against SPORT CHALET .

45. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

46. By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

47. Plaintiff NYERGES prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE PAY RECORDS**

**(AGAINST SPORT CHALET )**

48. Plaintiff refers to and incorporates by reference Paragraphs 1 through 47.

49. This cause of action is brought against SPORT CHALET.

50. Pursuant to Labor Code § 226, employers must provide employees an opportunity to inspect or copy records upon request.

51. Plaintiff requested his pay records in accordance with Labor Code § 226 on April 10, 2014.

52. Defendants have failed to provide Plaintiff with an opportunity to inspect or copy his records within 21 days.

53. Pursuant to Labor Code § 226, Plaintiff prays for judgment against

Defendants in the amount of $750, costs and attorney fees.

54. Pursuant to Labor Code § 226, Plaintiff prays for an injunction requiring Defendants to provide Plaintiff with all pay records under Labor Code § 226.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff NYERGES in an amount in excess of $100,088 and subject to proof at trial.
2. For liquidated damages in the amount in excess of $100,088 and subject to proof at trial.
3. Damages for meal premiums not paid to Plaintiff NYERGES in an amount subject to proof at trial.
4. For damages and penalties under Labor Code § 226 for Plaintiff NYERGES in an amount subject to proof at trial.
5. For $750 for failure to allow Plaintiff to inspect or copy records in a timely manner.
6. For restitution and disgorgement for all unfair business practices against Plaintiff NYERGES in an amount subject to proof at trial.
7. For prejudgment and post judgment interest.
8. Cost of suit.
9. Attorneys' fees.
10. For such other and further relief as the court may deem proper.

DATED: June 13, 2014 LAW OFFICES OF MICHAEL TRACY

By: ______________________________

MEGAN E. ROSS, Attorney for Plaintiff Michael Nyerges

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

DATED: June 13, 2014

LAW OFFICES OF MICHAEL TRACY

By: ______________________________

MEGAN E. ROSS, Attorney for Plaintiff Michael Nyerges